PER CURIAM.
We affirm the summary denial of appellant’s motion for postconviction relief on all grounds éxcept for the claim that his plea was involuntary, because it was entered based upon an understanding by the parties and the court that habitual felony offender sanctions would apply when, in fact, they could not be applied under the circumstances of the case. The trial court denied the claim, stating it was raised for the first time in a motion for reconsideration, which was barred because appellant had previously filed a motion for rehearing, thereby rendering the motion for reconsideration an unauthorized “second” motion for rehearing. We disagree. In our judgment, the claim was sufficiently stated in the amended motion for postcon-viction relief. Moreover, the motion for reconsideration was not an unauthorized “second” motion, as it addressed a different order than that which the previous motion for rehearing was directed.
Turning to the merits of the claim, appellant has asserted that he would not have entered his plea or accepted a maximum guidelines sentence had he been correctly informed about his ineligibility for habitual felony offender sanctions; therefore, he should be permitted to withdraw his plea. These allegations state a facially sufficient claim of involuntary plea. The trial court must, therefore, address this claim on its merits.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings on the claim of involuntary plea.
ERVIN, WEBSTER and LEWIS, JJ„ concur.